YOUNG, Appellant, vs. KRUEGER and another, Respondents.

*January 30 — February 18, 1896.*

*Justices' courts: Service of summons: Judgment against joint debtors.*

1. A constable's return on a summons issued by a justice of the peace,
   certifying that at a specified time and place he "served the within
   summons on the defendants J. K. and H. K., by reading the same
   to J. K. and delivering to and leaving with him a true copy thereof
   for each of them, at their usual place of abode," and that he could
   not find the defendant H. K., shows a good service, at least upon
   the defendant J. K.

2. Under sec. 3663, R. S., in an action in justice's court against copart-
   ners upon a firm debt, judgment may be rendered against all,
   though the summons was served upon one only.

3. A summons served August 11th, returnable August 17th, was served
   six days before the return day.

APPEAL from a judgment of the circuit court for Milwau-
kee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

This was an action commenced in a justice's court by the
appellant against the respondents as copartners. A sum-
mons was issued by the justice on August 6, 1894, returnable
August 17, 1894. It was returned, bearing the following
indorsement of service: "I certify that on the 11th day of
August, 1894, at the city and county of Milwaukee, I served
the within summons on the defendants *Julius Krueger* and
*Henry Krueger*, by reading the same to *Julius Krueger*, and
delivering to and leaving with him a true copy thereof for
each of them, at their usual place of abode. The defendant
*Henry Krueger* I could not find." On the return day of the
summons the defendants failed to appear. The plaintiff
proved his case and took judgment against both defendants.

The case was taken by common-law *certiorari* to the cir-
cuit court, which court reversed the justice's judgment.
From this judgment of the circuit court this appeal is taken.

For the appellant there was a brief by *Sawyer & Sawyer*,

Young vs. Krueger and another.

and oral argument by *E. W. Sawyer*.  To the point that the summons was served six days before the return day, they cited *Columbia T. Road v. Haywood*, 10 Wend. 422; *Chaddock v. Berry*, 93 Mich. 542; *Arnold v. Nye*, 23 id. 286; *Smith v. Force*, 31 Minn. 119; *White v. German Ins. Co.* 15 Neb. 660; *Messick v. Wigent*, 37 id. 692; *Foster v. Markland*, 37 Kan. 32; *Schultz v. Hine*, 39 id. 334; *Ball v. Mander*, 19 How. Pr. 468; *Herrick v. Graves*, 16 Wis. 157.

For the respondents the cause was submitted on the brief of *Irving T. Ford*.

NEWMAN, J.  The respondents claim that the constable's return fails to show a good service upon either, both because what was done did not amount to a good service, and because it was not made six full days before the date at which it was returnable.  The summons was read to *Julius Krueger*.  That lacks nothing of perfect service on him, unless it should appear that he demanded a copy and his demand was not complied with.  Sec. 3600, R. S.  But it appears that the officer did deliver to and leave with him a true copy "for *each* of them."  It is not quite plain what the return lacks of showing a good service upon *Henry Krueger*, also.  It shows that he was not found by the officer, and that a copy was left for him, at the usual place of abode of both of them, with his codefendant and copartner, to whom he read the original summons.  It is not quite obvious what that lacks, in substance, of "leaving a true copy thereof at his usual place of abode, in the presence of some one of the family, of suitable age and discretion, who shall be informed of its contents."  But it was not necessary to the jurisdiction of the court that the summons should be served upon *Henry Krueger*, for the judgment which was rendered was authorized by service of the summons upon one only.  R. S. sec. 3663.

Was the summons served six days before its return day?

Is the 11th day of the month six days before the 17th day? In the computation of the time, the day of the service should be excluded, and the day of the return should be included. S. & B. Ann. Stats. sec. 4971, subd. 24; 22 Am. & Eng. Ency. of Law, 113, and cases cited in notes; 26 Am. & Eng. Ency. of Law, 3. Parts of days are to be disregarded. 5 Am. & Eng. Ency. of Law, 89. The service was six days before the return day. The justice's judgment should have been affirmed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to affirm the justice's judgment.